IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BENNETT J. VONDERHEIDE, et al. | : | CIVIL ACTION |
| | : | |
| v. | : | No. 12-23 |
| | : | |
| BERKS COUNTY, et al. | : | |

## ORDER

AND NOW, this 1st day of March, 2012, it is ORDERED Defendants the Honorable Jeffrey L. Schmehl, the Honorable Thomas Eshelman, the Honorable Linda Ludgate, and former Magisterial District Judge Deborah Lachina's (the Judicial Defendants) Motion to Dismiss Plaintiffs' Amended Complaint (Document 15) is GRANTED.[1]

---

[1] In their Amended Complaint, pro se Plaintiffs Bennett J. Vonderheide and Madeline Butler bring claims pursuant to 42 U.S.C. § 1983 alleging violations of their First and Fourteenth Amendment rights. Plaintiffs request permanent injunctive relief, declaratory relief, compensatory and punitive damages, and costs and expenses of this action, including attorneys' fees. (This Court denied Plaintiffs' request for temporary injunctive relief by Order of January 23, 2012, ECF No. 12). In the instant motion, the Judicial Defendants seek dismissal of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that they have absolute immunity from suit. Because this Court agrees the Judicial Defendants are not subject to liability in this case, the motion is granted.

Judges are absolutely immune from suits for monetary damages under § 1983 for actions taken in their judicial capacity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (citing *Bradley v. Fisher*, 80 U.S. 335, 347 (1871)); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). There are only two sets of circumstances where judicial immunity will not apply: (1) when the action taken by the judge is a non-judicial act; or (2) when an action is taken—albeit judicial in nature—in the complete absence of all jurisdiction. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) (citing *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)); *see also Stump*, 435 U.S. at 356 (stating the necessary inquiry in determining whether a judge is immune from suit is whether at the time he took the challenged action, he had jurisdiction over the subject matter before him). As to the first prong, the relevant inquiry is whether the action is a function normally performed by a judge in his judicial capacity. *Wicks v. Lycoming Cnty.*, No. 11-1808, 2012 WL 19650, at * 2 (3d Cir. Jan. 5, 2012); *see also Mireles*, 502 U.S. at 13 (explaining "the relevant inquiry is the 'nature' and 'function' of the act, not the 'act itself'" (citing *Stump*, 435 U.S. at 362)). Regarding the second prong, the Supreme Court has distinguished between acts performed in the "clear absence of jurisdiction," which do not enjoy the protection of absolute immunity, and acts that are merely in

"excess of jurisdiction," which do enjoy such protection:

> A distinction must be here observed between excess of jurisdiction and the clear absence of all jurisdiction over the subject-matter. Where there is clearly no jurisdiction over the subject-matter any authority exercised is a usurped authority, and for the exercise of such authority, when the want of jurisdiction is known to the judge, no excuse is permissible. But where jurisdiction over the subject-matter is invested by law in the judge, or in the court which he holds, the manner and extent in which the jurisdiction shall be exercised are generally as much questions for his determination as any other questions involved in the case, although upon the correctness of his determination in these particulars the validity of his judgments may depend.

*Stump*, 435 U.S. at 356 n.6 (quoting *Bradley*, 80 U.S. at 351-52); *Gallas*, 211 F.3d at 769.

Where the immunity of a judge is challenged, the scope of the judge's jurisdiction must be construed broadly. *Stump*, 435 U.S. at 356. Significantly, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.*; *see also Gallas*, 211 F.3d at 769 (explaining "an act does not become less judicial by virtue of an allegation of malice or corruption of motive," or that such action is "unfair" or "controversial").

In determining whether the Judicial Defendants are entitled to absolute immunity, this Court must consider the challenged actions of each defendant judge. From what this Court can discern, Plaintiffs' claims against the Judicial Defendants stem from an incident in which Plaintiff Vonderheide was charged with criminal conduct. Vonderheide maintains he "represents . . . fathers and children who are ripped apart by courts which have gone asunder from the law and constitutions of Pennsylvania and the United States." Am. Compl. ¶ 132. According to the Amended Complaint, on February 11, 2011, Vonderheide was at the Berks County Courthouse in Pennsylvania to provide "evidence to [an] attorney . . . from Berks County Women in Crisis" in connection with an allegedly fraudulent protection from abuse action the attorney was prosecuting. Vonderheide sought to provide the evidence "for the purposes of freeing an innocent man from abuse of process, malicious prosecution, continued loss of constitutional rights and potential imprisonment." *Id.* ¶¶ 129, 133. Vonderheide alleges he was "ejected . . . from the court . . . under threat of violent arrest" even though he was "carrying out constitutionally protected actions as an investigative reporter." *Id.* ¶¶ 136, 137. Vonderheide was thereafter charged with two counts of disorderly conduct. *Id.* ¶ 139.

Judge Lachina of Berks County presided over Vonderheide's trial. Over Vonderheide's objections, the judge prohibited audio recording of the court proceedings. *Id.* ¶¶ 153, 161. Vonderheide was found guilty of both charges. Vonderheide alleges Judge Lachina was "fully unprofessional and clearly biased against [him] from the beginning and the trial was a sham." *Id.* ¶ 164.

Vonderheide appealed his case, which was heard by Judge Ludgate. Vonderheide sought Judge Ludgate's recusal, asserting she is "a staunch opponent" of Vonderheide's advocacy initiatives as she is "a self-described 'Founding Mother' in the domestic violence industry . . . and women's right advocate, and [Vonderheide] is the premier men['] s rights and fathers['] rights supporter and

advocate." *Id.* ¶¶ 60, 169.  Judge Ludgate did not recuse.

Plaintiffs allege that during the appeal proceedings, a deputy sheriff positioned himself near Plaintiff Butler and caused "noise and disturbance" that interfered with Butler's ability to hear testimony.  *Id.* ¶¶ 191, 193.  When Butler requested the deputy "cease the noise," two deputies "rushed" Butler, and threatened to remove her from the courtroom.  *Id.* ¶¶ 193-194, 196.  Plaintiffs assert Judge Ludgate "chime[d] in by directing the [deputy sheriff] to throw [Plaintiff Butler] out [of her courtroom] if there was another disturbance."  *Id.*  ¶ 197.

At the close of the proceedings, both convictions against Vonderheide were upheld.  Vonderheide contends Judge Ludgate "subjected [him] and his witnesses to abuse, intimidation, official oppression and disgraceful behavior."  *Id.* ¶ 181.  Vonderheide alleges both the trial and appellate court "utterly and summarily dismissed, ignored and disrespected arguments of constitutional protections and rights for citizens and press."  *Id.* ¶ 182.

The only reference to Judge Eshelman anywhere in Plaintiffs' 322-paragraph Amended Complaint is the allegation that Vonderheide was in Eshelman's courtroom on February 11, 2011, when he attempted to provide the aforementioned "evidence" to an attorney in that courtroom.  *Id.* ¶ 129.  At oral argument on the instant motion, Plaintiffs asserted the basis for their lawsuit against Judge Eshelman is that they suspect Judge Eshelman is the one who ordered that Vonderheide be cited for disorderly conduct.

The Amended Complaint is similarly devoid of allegations against Judge Schmehl, the President Judge of the Berks County Courthouse.  Nevertheless, Plaintiffs argued at oral argument that Judge Schmehl acted beyond the scope of his judicial duties by implementing a policy on behalf of the Berks County Board of Judges prohibiting the use of still photo cameras, audio recording equipment, video cameras, and television cameras and crews in courtrooms and on the floors outside courtrooms.

With respect to Judges Lachina and Ludgate, Plaintiffs have not alleged any facts suggesting that either judge performed a non-judicial act or acted in the clear absence of jurisdiction.  On the contrary, Plaintiffs complain about actions taken by Judges Lachina and Ludgate when they were presiding over Vonderheide's trial and appeal, respectively, and also make bald allegations of bias against both of them.  However, in issuing court orders while presiding over proceedings involving Vonderheide, and in controlling their courtrooms, both judges were clearly performing judicial acts.  In any event, it is not relevant to this Court's inquiry on immunity that Plaintiffs feel Judges Lachina and Ludgate "summarily dismissed, ignored and disrespected" Vonderheide's arguments; judicial immunity applies "however erroneous the [judicial] act may have been, and however injurious in its consequences it may have proved to the plaintiff."  *Cleavinger v. Saxner*, 474 U.S. 193, 199-200 (1985) (quoting *Bradley*, 80 U.S. at 347).  Accordingly, Judges Lachina and Ludgate are entitled to absolute immunity.

As to Judge Eshelman, Plaintiffs have not alleged any facts against Judge Eshelman demonstrating he performed either a non-judicial act or an act devoid of jurisdiction.  Indeed, Plaintiffs are not even sure whether Judge Eshelman had any involvement in either of the proceedings involving Vonderheide in any manner.  As a result, Judge Eshelman is also entitled to absolute immunity.

Finally, regarding Judge Schmehl, nothing before this Court indicates that the act Plaintiffs

complain of—the implementation of a policy against the use of recording equipment in courtrooms and their environs—was performed by Judge Schmehl outside the scope of his judicial duties. As President Judge, Judge Schmehl is charged with overseeing the administration of the court. 42 Pa. C.S. § 325(e). The Judicial Code, sets out the powers and duties of president judges, in relevant part, as follows:

> Be the executive and administrative head of the court, supervise the judicial business of the court, promulgate all administrative rules and regulations, make all judicial assignments, and assign and reassign among the personnel of the court available chambers and other physical facilities.

*Id*. In addition, pursuant to § 323 of the Judicial Code, "every court shall have power to make such rules and orders of the court as the interest of justice or the business of the court may require." 42 Pa. C.S. § 323. Accordingly, judges must sometimes perform legislative functions in addition to their judicial acts. *See Goodwin v. Castille*, No. 11-3194, 2012 WL 580680, at *3 (3d Cir. Feb. 23, 2012) (citing *Forrester*, 484 U.S. at 227-28). "When judges act pursuant to their legislative authority, legislative immunity insulates judges, much like traditional legislators, from suits challenging those acts." *Id*. (citing *Supreme Ct. of Va. v. Consumers Union of the U.S., Inc.*, 446 U.S. 719, 734 (1980)). To be considered legislative, the act must meet a two-part test: (1) the act must be "substantively legislative," meaning those acts which involve policy making decisions of a general scope; and (2) the act must be "procedurally legislative," which is to say the act must be passed by means of established legislative procedures. *Id*. (citing *Gallas*, 211 F.3d at 774 (citation omitted)).

The policy administered by Judge Schmehl and the Board of Judges was clearly a legislative act, and Judge Schmehl is entitled to legislative immunity. Judge Schmehl was acting pursuant to a direct grant of rulemaking authority from the Judicial Code. Creating and implementing such a policy is an approved and expected legislative function of the presiding judge. *See Ludwig v. Berks Cnty.*, No. 07-2127, 2007 WL 2463306, at *4 (E.D. Pa. Aug. 28, 2007) (granting president judge legislative immunity for his part in adoption of local rules of court because creation of such rules "is a legislative function of the courts and their judges"). Accordingly, Judge Schmehl is also entitled to immunity from suit. As a result, judicial (or legislative) immunity bars the Plaintiffs' claims against the Judicial Defendants for monetary relief.

Section 1983 also bars Plaintiffs from seeking injunctive relief or attorneys' fees against judicial officers, such as the Judicial Defendants, unless a declaratory decree was violated or declaratory relief is unavailable, neither of which is alleged here. 42 U.S.C. § 1983; *see also Rush v. Wiseman*, No. 09-4385, 2010 WL 1705299, at *10 (E.D. Pa. Apr. 27, 2010). Accordingly, Plaintiffs cannot recover on their claims for injunctive relief or attorneys' fees against the Judicial Defendants.

To the extent Plaintiffs seek declaratory relief, in the exercise of its discretion, this Court dismisses Plaintiffs' requests for declaratory judgment against the Judicial Defendants. Although declaratory relief against judicial officers may be available, from what this Court can discern, it does not appear Plaintiffs have pled legally cognizable claims for declaratory relief against the Judicial Defendants; therefore, Plaintiffs' requests for such relief fail. Plaintiffs' requests fail for the additional reason that "the purposes of judicial immunity would be ill-served if judges routinely were

It is further ORDERED Plaintiffs' Motion for Contempt (Document 24) is DENIED.[2]

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

forced to defend against declaratory judgment actions . . . where their immunity obviously shields them from liability for money damages," as well as injunctive relief, and costs and expenses, including attorneys' fees. *Waris v. Frick*, No. 06-5189, 2007 WL 954108, at *9 (E.D. Pa. Mar. 28, 2007); *Bradley*, 80 U.S. at 347 (holding it is "a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself").

It should be noted that Plaintiffs did not file a response to the Judicial Defendants' motion to dismiss pursuant to Federal Rule 12(b)(6) within the time permitted under the rules. As a result, this Court could have granted this motion as uncontested pursuant to Local Civil Rule 7.1(c). However, the Court of Appeals for the Third Circuit has recommended against this practice in pro se civil rights actions without first analyzing the merits of the underlying complaint. *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991). Having conducted such an analysis, this Court concludes any amendment of Plaintiffs' Amended Complaint as against these Judicial Defendants would be futile. Accordingly, Plaintiffs' Amended Complaint against the Judicial Defendants is dismissed with prejudice.

[2] In their motion, Plaintiffs move the Court to find attorney Mary Butler, who represents the Judicial Defendants in this matter, in criminal contempt of court for her actions during the hearing held on January 20, 2012, in this case. Because Plaintiffs appear pro se, the Court will construe their motion liberally and apply the applicable law irrespective of whether they have cited it by name. *Higgins v. Beyer*, 293 F. 3d 683, 688 (3d Cir. 2002). Plaintiffs do not have standing to assert a motion for contempt against counsel for the Judicial Defendants. 18 U.S.C. § 401 (vesting only a court of the United States with "power to punish . . . at its discretion, such contempt of its authority"); *see also Schiff v. Balas*, No. 90-2007, 1991 WL 330205, at *1 (W.D. Pa. Sept. 30, 1991). Moreover, none of the parties' or attorneys' conduct on that date warrant the imposition of contempt sanctions by this Court. Accordingly, this motion is denied.